## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

Civil Action, File No.: 18-7035

Marc Bortz d/b/a
Jack's Pumpkin Nights

        Plaintiff,

v.

TCR IP Holdings, LLC,

        Defendant.

## COMPLAINT FOR:
## 1. DECLARATORY RELIEF
## 2. CANCELLATION OF REGISTRATION NO. 5358569

1. Plaintiff Marc Bortz d/b/a Jack's Pumpkin Nights ("**Jack's**") operates a night-time pop-up pumpkin themed experience in Chicago, Illinois.

2. Jack's is a one month experience wherein attendees enjoy a variety of autumn themed activities including Chicago's largest corn maze, seasonal foods & beverages, and a nighttime lights display.

3. Defendant TCR IP Holdings, LLC ("**TCR**") operates festivals located in California, Colorado and Utah which also offer autumn themed activities.

4. TCR has acquired a U.S. trademark registration no. 5358569 for a word mark "Pumpkin Nights" ("No. 5358569"), in International Class 25 for "Beanies; hats; shirts; sweatshirts; tuques; t-shirts" and International Class 41 for "Conducting entertainment exhibitions in the nature of Halloween festivals; Entertainment services in the nature of holiday festivals; Organizing Halloween festivals for cultural or entertainment purposes." The registration date for No. 5358569 is December 19, 2017, and the alleged date of first use is October 14, 2016.

5. The No. 5358569 registration explicitly disclaims any exclusive rights in the word "pumpkin" other than as used in No. 5358569.

6. The words "pumpkin nights" when used in connection with Halloween and other autumn-themed festivals taking place at night is incapable of functioning as a trademark, as it is a generic descriptor of the services being offered. There are numerous nighttime autumn themed festivals across the country that use the words "pumpkin nights" in such a generic manner. *See* Composite Exhibit A.

7. The words "pumpkin nights" are merely descriptive and are not inherently distinctive because they do not inherently identify a particular source, but instead are merely a description of nighttime autumn themed festivals, and have not acquired distinctiveness through secondary meaning.

8. TCR improperly sent Jack's a cease and desist letter on October 2, 2018 alleging, among other things, that Jack's engaged in trademark infringement, trademark dilution, and unfair competition in violation of federal and state law. As such, Jack's unfettered rights to use the descriptive and/or generic words "pumpkin nights" in relation to its nighttime autumn-themed festival has been threatened by Defendant, creating an actual case and controversy between the parties, and Jack's is entitled to a declaration in its favor resolving such uncertainty.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, jurisdiction over trademark and unfair competition claims pursuant to § 1338, jurisdiction over declaratory relief under 28 U.S.C. § 2201 as a declaratory judgment action arising from a dispute under the Lanham Act, 15 U.S.C. § 1052, *et seq*.

10. This court has in personam jurisdiction over Defendant because it (a) directed and continues to direct tortious conduct at Jack's, which maintains its principal place of business in the Northern District of Illinois, and which conduct impacts Jack's in this District; (b) operates and continues to operate commercial interactive websites which can be and, on information and belief, are accessed by the public in this District; and (c) solicit and engage in business within this District.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) and (b)(2).

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief)

12. Plaintiff restates and re-alleges the previous paragraphs herein and further alleges as follows:

13. TCR improperly sent Jack's a cease and desist letter on October 2, 2018 alleging, among other things, that Jack's engaged in trademark infringement, trademark dilution, and unfair competition in violation of federal and state law. Jack's disputes that the name "Jack's Pumpkin Nights" infringes Defendant's alleged trademark rights.

14. As such, Jack's unfettered rights to use the descriptive and/or generic words "pumpkin nights" in relation to its nighttime autumn-themed festival has been threatened, creating an actual case and controversy between the parties and Jack's is entitled to a declaration in its favor.

15. Moreover, no consumer confusion can or will exist between the two festivals, as Jack's use of the words "pumpkin nights" is only within the phrase "Jack's Pumpkin Nights" and is therefore highly distinguishable from any usage by Defendant.

16. Defendant's alleged rights in the phrase "pumpkin nights" are unenforceable, because, among other things: (1) there is no likelihood of confusion; and (2) Defendant's has no

enforceable trademark rights in the words "pumpkin nights," as they are generic, or are merely descriptive in nature and have no acquired distinctiveness or secondary meaning.

17. Thus, Jack's seeks a judicial declaration finding that it has an unfettered right to use the words "pumpkin nights" in connection with its Autumn-themed nighttime festival, and is not infringing upon any alleged trademark right of Defendant.

## SECOND CLAIM FOR RELIEF
### Cancellation of U.S. Registration No. 5358569 Based upon Genericness under 15 U.S.C. 1064(3)

18. Plaintiff restates and re-alleges the previous paragraphs herein and further alleges as follows:

19. The words "pumpkin nights" when used in connection with Halloween and other autumn-themed festivals taking place at night is incapable of functioning as a trademark, pursuant to 15 U.S.C. §1052(e)(1).

20. The phrase "pumpkin nights" when used in connection with Halloween and other autumn-themed festivals taking place at night is a generic descriptor of the goods and services being offered.

21. There are numerous nighttime autumn-themed festivals across the country that use the words "pumpkin nights" in such a generic manner. *See* Composite Exhibit A.

22. The phrase "pumpkin nights" does not indicate that the products and/or services in question come from a single source.

23. Thus, the Court should exercise its authority and order the USPTO to cancel U.S. Registration No. 5358569 for genericness.

## THIRD CLAIM FOR RELIEF
### Cancellation of U.S. Registration No. 5358569 Based on the Alleged Mark Being Merely Descriptive with no Secondary Meaning

24. The words "pumpkin nights" as used in Registration No. 5358569 are merely descriptive of a Halloween or Autumn-themed festival taking place at night. Specifically, "pumpkin" describes its theme and "nights" describes the time of day in which it takes place.

25. Thus, the words "pumpkin nights" when used in connection with Halloween or Autumn-themed festival taking place at night, are incapable of functioning as a trademark pursuant to 15 U.S.C. §1052(e)(1).

26. There is no secondary meaning attached to the words "pumpkin nights" as used in Registration No. 5358569 that would lift its merely descriptive nature.

27. There are numerous nighttime autumn-themed festivals across the country that use the words "pumpkin nights" in such a descriptive manner. *See* Composite Exhibit A.

28. Since the words "pumpkin nights" are merely descriptive of the goods and services of any autumn-themed nighttime festival, Registration No. 5358569 is invalid.

29. Thus, the Court should exercise its authority and order the USPTO to cancel U.S. Registration No. 5358569.

WHEREFORE, Plaintiff Jack's prays that this Court enter judgment in their favor and against Defendant, and specifically that this court:

A. Cancel Trademark Registration No. 5358569;

B. Enter a declaration that Jack's has not infringed any alleged trademark right of Defendant;

C. Enter a declaration that declaration that Registration No. 5358569 is not protectable because it is merely descriptive, not distinctive, has not acquired secondary meaning, and/or because it has become generic

D. Award such other and further relief as deemed just and fair in equity or law.

Dated: October 19, 2018

Mikhael Bortz
BORTZ LAW FIRM, PA
4245 N. Knox Ave
Chicago, IL
Telephone: (800) 608-5407
mbortz@bortzlawfirm.com


_____/s/ Mikhael Bortz
Mikhael Bortz

*Attorney for Plaintiff.*